**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_DRMChambers@mdd.uscourts.gov**
**(410) 962-7770**

September 28, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Delores D. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 25-3141-DRM

Dear Counsel:

On September 22, 2025, Plaintiff Delores D. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case (ECF No. 8) and the parties' briefs (ECF Nos. 15, 17 and 18). I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case for further consideration. This letter explains why.

## I. PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on June 14, 2019, alleging a disability onset of June 10, 2014, later amended to to the application date, June 14, 2019. Tr. 11. Plaintiff's claims were denied initially and on reconsideration. Tr. 11. On May 5, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 11. Following the hearing, on October 18, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act, 42 U.S.C. §§ 301 et seq., during the relevant time frame. Tr. 20-21. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, and Plaintiff then appealed to this Court on May 3, 2023, Tr. 1003-1004.

This Court remanded Plaintiff's case on May 3, 2024, to the Commissioner for further consideration pursuant to 42 U.S.C. 405(g). Tr. 1005-1009. The Appeals Council remanded the case back to the ALJ on September 17, 2024, "for further proceedings consistent with the order of the court." Tr. 1010-1014. On April 1, 2025, the ALJ held another hearing. Tr. 949-966. On July 23, 2025, the ALJ again determined that Plaintiff was not disabled within the meaning of the Social Security Act, 42 U.S.C. §§ 301 et seq., during the relevant time frame. Tr. 960. This second decision of the ALJ constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since June 14, 2019, the application date." Tr. 954. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "osteoarthritis, spine disorders, foot deformity with left leg edema, obesity." Tr. 955. The ALJ also determined that Plaintiff suffered from the non-severe impairment of "hypertension." Tr. 955. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 955. The ALJ next determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) with additional limitations: occasionally able to climb ramps or stairs, never able to climb ladders, ropes or scaffolds, occasionally able to balance or stoop, never able to kneel, crouch or crawl, limited to frequent use of the either lower extremity for pushing/pulling or operation of foot controls, avoid concentrated exposure to extreme cold, heat or humid conditions, avoid concentrated exposure to vibration, avoid work at unprotected heights, able to use a cane or other hand-held assistive device for ambulation to and from the workstation or work area, able to work at a position which can be performed either sitting or standing at the discretion of the employee.

Tr. 956. At steps four and five, the ALJ determined that Plaintiff had no past relevant work, she but could perform other jobs that existed in significant numbers in the national economy such as ticket checker, call out operator, and telephone information clerk. Tr. 959-960. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 960.

## III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind

would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

Plaintiff raises one argument on appeal, specifically that the ALJ failed to "explain how the evidence supports Plaintiff's ability to satisfy the sitting demands of sedentary work during an eight-hour workday." ECF No. 15 at 8. Defendant counters that "the ALJ properly discussed and compared Plaintiff's testimony with the other evidence of record, and built a logical bridge from this evidence to his conclusion that Plaintiff could perform sedentary work" and "found Plaintiff capable of this level of work with restrictions in other functional areas." ECF No. 17 at 14. In reply, Plaintiff contends that "sitting was contested and material, and the ALJ did not resolve the evidence into a functional sitting finding" nor "explain how [the] evidence permits sustained sedentary sitting." ECF No. 18 at 3. Plaintiff adds that "Defendant's contrary argument is largely a *post hoc* reconstruction of the decision" and the "reviewing court cannot affirm by cobbling together an explanation the ALJ did not provide." Tr. 18 at 3-4.

A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. § 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to Social Security Ruling ("SSR") 96-8p, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work." 20 C.F.R. § 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

Only after such an analysis may an ALJ express RFC in terms of the exertional level of work of which the ALJ believes the claimant to be capable. *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). As noted in *Dowling*, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Dowling*, 986 F.3d at 387 (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

In remanding for further analysis the previous time Plainttif's case was before this Court, Judge Austin directed the ALJ to "explain how the evidence supports the ALJ's conclusion on

Plaintiff's ability to sit during an eight-hour workday." *Delores D. v. O'Malley*, CDA-23-1170, 2024 WL 1966421, at *3 (D. Md. May 3, 2024). The Court highlighted that the ALJ had failed to explain the decision to limit Plaintiff "to sedentary work with no additional limitations" despite "two [medical] opinions that limited Plaintiff to sitting for six hours in an eight-hour workday." *Id*. Judge Austin added that "the ALJ provided no analysis (other then their rejection of the [medical] opinions discussed above) that would permit the Court to understand how they ultimately determined that Plaintiff could perform the sitting requirements of sedentary work." *Id*. (quoting *Wilson v. Heckler*, 743 F.2d 218, 221 (4th Cir. 1984) ("A sedentary RFC 'implies a capacity to sit for at least 6 hours in an 8-hour day.'")).

In the current, July 23, 2025 RFC decision, the ALJ acknowledged Plaintiff's testimony alleging that she is "limited in the ability to exert, lift, and carry….ambulation was limited, and postural activities were difficult and limited." Tr. 956. The ALJ noted Plaintiff's statements that pain medication was not "beneficial," that she "relies upon others to assist with personal care tasks, and she has to elevate her legs due to lower extremity edema," and that she "reported she needed a cane when walking." Tr. 956. The ALJ also detailed Plaintiff's "reported pain and limited use of the back, legs, and hips," "radiculopathy to the lower extremities and giveaway weakness due to pain," that she had a procedure as a child and still has "pain and tenderness of the left thigh," and that "[a]ggravating factors included standing, lying down, and walking, and the claimant said that no position or activity was beneficial to relieving pain." Tr. 957.

The ALJ reviewed test results that included degenerative disc disease, decreased height and joint space, limited range of motion, edema, issues with Plaintiff's gait, some pain management treatment, and that she did not use a walker and often did not use a cane. Tr. 957. The ALJ discussed Plaintiff's obesity, and its "aggravating effects," including "musculoskeletal strain, fatigue, and impaired mobility." Tr. 957. The ALJ also noted exams that "showed normal muscle strength, tone, and sensation," and a "generally normal range of motion"; a recommendation for increased activity and exercise, which the ALJ stated implied "at least some physical functional ability"; and Plaintiff's activities of daily living including living in a house, not requiring "special support services," preparing meals, and taking public transportation. Tr. 957.

The ALJ's discussed four medical opinions. The ALJ discussed the opinions of state agency medical consultants, Dr. Wyatt Beazley, III and Dr. Bert Spetzler, who assessed Plaintiff at the initial and reconsideration stages of her application. Tr. 958. The ALJ noted that both consultants assessed the Plaintiff capable of light level work with limitations. Tr. 958. The ALJ evaluated both opinions as "not persuasive," noting Plaintiff has "poor gait" and had been prescribed a walker and case, and concluding "the sedentary level with additional limitations is more appropriate." Tr. 958. The ALJ also discussed the opinion of Plaintiff's provider Gwen Dubois, M.D., who opined Plaintiff could "sit, stand, and walk for less than one hour of the day and could never been, climb, squat, or reach." Tr. 958. The ALJ decided the opinion as had "little persuasive value" because it was expressed on a form "used to determine eligibility for programs and had limited applicability…to the disability process," lists a diagnosis only of '"chronic back pain' and does not further describe or explain the reasons for the limitations." Tr. 958.

The ALJ addressed Exhibits 9F and 10F separately. Tr. 958. The same provider, Dr. Aaron Shim, signed both documents on the same date, November 29, 2021. Tr. 862, 867. The ALJ assigned "limited persuasive value" to the first form, labeled "Pain Assessment," as a checkbox form in which "no explanations were provided as to the limiting effects" with no "specific vocational limitations or restrictions." Tr. 958. The ALJ also assigned "limited persuasive value" to the second exhibit, labeled "Medical Assessment of Ability to do Work-Related Activities (Physical)" and which opined Plaintiff had the capacity for "less than sedentary work" and "could stand or walk for less than one hour, could sit for less than two hours," because of "an overall lack of supporting information provided on the opinion." Tr. 864, 866, 958-959.

The ALJ determined that Plaintiff's allegations of "physical limitations are inconsistent with the record," but added that "the multitude of impairments justify the limitation to the sedentary level and the postural limitations." Tr. 957-958. The ALJ explained that Plaintiff's "poor gait justifies the limitation to use of an assistive device and being able to work in a position that could be either sitting or standing." Tr. 958.

The ALJ's lack of explanation warrants remand. SSR 96-8p details the steps an ALJ must take when assessing a claimant's RFC. *See generally* SSR 96-8p, 1996 WL 374184. Specifically, the ruling provides that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7.

Here, notwithstanding that Plaintiff had alleged a sitting limitation, the ALJ did not provide a narrative discussion explaining how the record evidence supported his conclusion that Plaintiff could perform the sitting requirements of sedentary work with the further limitation to "work at a position which can be performed either sitting or standing at the discretion of the employee," *see* Tr. 956. (Notably, the ALJ's explanation for the sit / stand option was Plaintiff's poor gait, not Plaintiff's sitting limitations. Tr. 958.) Further, although the ALJ decided that the medical opinions of both state agency consultants, in which they opined Plaintiff was capable of "light level" work, were not persuasive, the ALJ did not explain how the evidence supported the RFC determination that Plaintiff is capable of sedentary level work, except to state the conclusion that "the sedentary level with additional limitations is more appropriate." Tr. 958. Having determined that both of Dr. Shim's assessments, which among other things stated Plaintiff could sit for less than two hours, were of little or limited persuasive value, the ALJ did not explain how the record supported that Plaintiff could sit for six hours in an eight-hour day. "A sedentary RFC 'implies a capacity to sit for at least 6 hours in an 8-hour day[.]'" *Petula H. V. Bisignano*, No. CDA-25-1678, 2026 WL 1981017, at *3 (D. Md. July 9, 2026) (citing *Wilson*, 743 F.2d at 221; *accord* SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983) ("Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday.").

SSR 96-8p requires the ALJ to "describ[e] *how* the evidence supports *each*" of the ALJ's conclusions in an RFC assessment. SSR 96-8p, 1996 WL 374184, at *7 (emphasis added). By

failing to specifically address how the evidence supports the conclusion that Plaintiff could perform the sitting requirements of sedentary work with a sit-stand option, the ALJ contravened SSR 96-8p. This lack of explanation frustrates meaningful review, especially in light of Judge Austin's order on the previous remand to "explain how the evidence supports the ALJ's conclusion on Plaintiff's ability to sit during an eight-hour workday." *Delores D.*, 2024 WL 1966421 at *3. Although the ALJ added a sit / stand option restriction to the RFC on the initial remand, as Plaintiff correctly points out: "the decision still does not explain how often Plaintiff would need to change positions, how long she could remain seated at one time, or how the cited evidence translates into a supported finding that Plaintiff can perform the sustained sitting sedentary work requires." ECF No. 15 at 15. Because the ALJ's assessment lacks a narrative discussion bridging the Plaintiff's alleged limitation in the sitting function of 20 U.S.C. § 416.945(b), the evidence, and the ALJ's conclusions about Plaintiff's residual capacity in that function, the Court's ability to review the ALJ's discussion of Plaintiff's ability to sit during an eight-hour workday is constrained. *See Thomas*, 916 F.3d at 311 ("[M]eaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion.").

Having determined that the ALJ erred in assessing the RFC, the Court must also determine whether the error warrants remand. As this Court has stated in similar circumstances, "[i]t is true that the Fourth Circuit has declined to adopt a *per se* rule requiring remand when an ALJ fails to perform an explicit function-by-function analysis. However, when a function is 'critically relevant to determining [a claimant's] disability status,' remand for failure to perform such an analysis is appropriate." *Petula H.*, 2026 WL 1981017 at *3 (quoting *Dowling*, 986 F.3d at 389) (internal citations omitted). The Court concluded, "[h]ad the ALJ properly evaluated Plaintiff's ability to sit, they may have found Plaintiff to possess greater limitations that, in turn, could have altered the ultimate disability determination. Remand is necessary to address these errors." *Id.*

In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V. <u>CONCLUSION</u>

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge